## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:15-cv-62571

GHOSTBED, INC.; and WERNER MEDIA
PARTNERS, LLC d/b/a NATURE'S SLEEP,
LLC,

      **Plaintiffs,**

**v.**

CASPER SLEEP, INC.; PHILIP KRIM;
RED ANTLER, LLC; and ICS INC.,

      **Defendants.**
_____/

### AMENDED COMPLAINT

Plaintiffs, GhostBed, Inc. ("GhostBed") and Werner Media Partners, LLC d/b/a Nature's

Sleep, LLC ("Nature's Sleep"), for their complaint state:

### INTRODUCTION

1.    This is an action for damages and injunctive relief arising, inter alia, out of

Defendants' unlawful conduct in trading on the goodwill of and misappropriating the valuable

trademark rights of Plaintiffs and out of Defendants' unfair competition and unfair and deceptive

trade practices.

2.    Upon information and belief, Defendants, Casper Sleep, Inc. ("Casper"), Philip

Krim ("Krim"), Red Antler LLC ("Red Antler), and ICS Inc. ("ICS"), engaged in—and

knowingly facilitated and encouraged others to engage in—unlawful business practices involving

the violation of Nature's Sleep's valuable trademark rights and involving false and misleading

advertising.

## THE PARTIES

3.      GhostBed is a Delaware corporation with its principal place of business in Broward County, Florida.   GhostBed is engaged in the business of, among other things, manufacturing and selling mattresses, beds, pillows, toppers, and foundations.

4.      Nature's Sleep is an Illinois limited liability corporation with its principal place of business in Broward County, Florida.  Nature's Sleep is engaged in the business of, among other things, manufacturing and selling mattresses, beds, pillows, toppers, and foundations.

5.      Upon information and belief, Casper Sleep is a Delaware corporation with its principal place of business in New York County, New York.  Casper is engaged in the business of, among other things, manufacturing and selling mattresses and beds.

6.      Upon information and belief, Philip Krim is a natural person who is a citizen and domiciliary of New York.  Philip Krim is the Chief Executive Officer of Casper.

7.      Upon information and belief, Red Antler is a New York limited liability company with a principal place of business in King's County, New York.  Red Antler is engaged in the business of, among other things, marketing for startups.   Upon information and belief, Red Antler's clients include Casper.

8.      Upon information and belief, ICS is a Cayman Islands corporation with a principal place of business in Grand Cayman, Cayman Islands.  ICS is engaged in the business of, among other things, registering domain names.  Upon information and belief, ICS registered the website www.naturesleep.com (the "Cybersquatted Domain Name") for Casper.

## JURISDICTION AND VENUE

9.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 because the claims for violations of the United States Trademark Act, Title 15 of the United

States Code, arise under federal law. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

10.     Upon information and belief, Casper and Krim performed the acts complained of in this complaint willfully with knowledge that both GhostBed and Nature's Sleep maintained their principal place of business in Broward County, Florida, and have caused substantial harm to GhostBed and Nature's Sleep within this district.

11.     Upon information and belief, Casper and Krim direct advertising towards and sell infringing products to customers in Florida and have accepted payments from customers in Florida.

12.     Casper is subject to the personal jurisdiction of this Court pursuant to Florida Statutes § 48.193.   Casper has committed various tortious acts within this State. Casper has caused injury to persons within this State arising out of an act or omission by Casper outside of this State while Casper engaged in solicitation of service activities within this State.  Casper has caused injury to persons within this State arising out of an act or omission by Casper outside of this State while products, materials, or things processed, serviced, or manufactured by Casper were used or consumed within this State in the ordinary course of commerce, trade, or use.

13.     Krim is subject to the personal jurisdiction of this Court pursuant to Florida Statutes § 48.193. Krim has committed or instructed the commission of various tortious acts within this State.  Krim has caused or instructed acts that caused injury to persons within this State arising out of an act or omission by Krim outside of this State while Krim engaged in solicitation of service activities within this State.  Krim has caused injury to persons within this State arising out of an act or omission by Krim outside of this State while products, materials, or

3

things processed, serviced, or manufactured by Krim were used or consumed within this State in the ordinary course of commerce, trade, or use.

14.     Upon information and belief, Krim both directs and personally participates in the acts complained of and does this directly and by instructing others who do such acts at his behest.

15.     Upon information and belief, Red Antler is subject to the personal jurisdiction of this court because it developed the BETTER SLEEP FOR BRIGHTER DAYS mark for Krim and Casper and, knowing of Nature's Sleep's rights to that mark, it induced Krim and Casper to use that mark in this district and elsewhere.   Further, Red Antler is itself advertising for Casper using the mark where such advertising is directed nationally and internationally, including in this district.

16.     Therefore, Red Antler is subject to the personal jurisdiction of this Court pursuant to Florida Statutes § 48.193.   Red Antler has committed or contributed to the commission of various tortious acts within this State.   Red Antler has caused injury to persons within this State arising out of an act or omission by Red Antler outside of this State while Red Antler engaged in solicitation of service activities within this State.   Red Antler has caused injury to persons within this State arising out of an act or omission by Red Antler outside of this State while products, materials, or things processed, serviced, or manufactured by Red Antler were used or consumed within this State in the ordinary course of commerce, trade, or use.

17.     Upon information and belief, ICS is subject to the personal jurisdiction of this Court because it registered the Cybersquatted Domain Name in an attempt to deceptively redirect business from Nature's Sleep to Casper.

106613463.2

18.     Therefore, ICS is subject to the personal jurisdiction of this Court pursuant to Florida Statutes § 48.193.  ICS has committed various tortious acts within this State.  ICS has caused injury to persons within this State arising out of an act or omission by ICS outside of this State while ICS engaged in solicitation of service activities within this State.  ICS has caused injury to persons within this State arising out of an act or omission by ICS outside of this State while products, materials, or things processed, serviced, or manufactured by ICS were used or consumed within this State in the ordinary course of commerce, trade, or use.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the impact of Defendants' misconduct occurred in this district.

## FACTUAL BACKGROUND

20.     Nature's Sleep was founded in 2001 and is family owned and operated with its headquarters in Plantation, Florida.  Nature's Sleep sells mattresses, beds, pillows, toppers, and foundations and has received many favorable reviews from customers and from independent reviewers in the mattress industry.

21.     GhostBed was founded in 2015 pursuant to a plan developed in 2011 and is also owned and operated by the same family with its headquarters in Plantation, Florida.  GhostBed also sells mattresses, beds, pillows, toppers, and foundations and has received many favorable reviews from customers and from independent reviewers in the mattress industry.

22.     GhostBed and Nature's Sleep have found a great deal of success in the mattress business and have gone to substantial lengths to protect their intellectual property.

23.     Nature's Sleep was one of the first in the mattress business—well before the acts complained of in this complaint—to deliver a "bed in a box" concept direct to consumers and

106613463.2

one of the first to deliver a foundation or boxspring in a box direct to consumers.  Both GhostBed's and Nature's Sleep's products come vacuum-sealed in a box and inflate when the packaging is opened.

24.     Nature's Sleep is the owner of the trademarks NATURE'S SLEEP, NATURE'S SLEEP Logo, GHOSTBED, and BETTER SLEEP FOR BRIGHTER DAYS, all of which are in use and have been in continuous use since well prior to the acts complained of in this complaint (the "Marks").

25.     These Marks are inherently distinctive and have been extensively used by GhostBed and Nature's Sleep in relation to sleep products and mattresses throughout the United States and have achieved significant fame and secondary meaning.

26.     Nature's Sleep is the owner of the following registrations for marks that include NATURE'S SLEEP, Registration Numbers:

| 3,731,815 | 4,795,298 |
|-----------|-----------|
| 3,802,848 | 4,912,360 |
| 3,878,747 | 4,912,361 |
| 4,240,084 |           |

(the "Nature's Sleep Registered Marks").  Such marks are in use and have been in continuous use since well prior to the acts of Casper complained of herein.

27.     Nature's Sleep is the owner of the following applications for marks that include GHOSTBED, Application Numbers:

| 86/842,937 | 86/842,977 |
|------------|------------|

(the "GhostBed Applications").  GhostBed is the licensee of the GHOSTBED marks.

28.     Nature's Sleep is also the owner of U.S. trademark application 86/842,644 and 86/842,536 for BETTER SLEEP FOR BRIGHTER DAYS which is in use and has been in continuous use since well prior to the acts of Casper complained of herein.

29.     Casper is also in the business of selling mattresses and beds and has its headquarters in New York.

30.     Upon information and belief, Krim is one of the founders of Casper and is the Chief Executive Officer of Casper and, as shown below, Krim has had many businesses in the mattress industry and is a serial infringer of other companies' intellectual property rights, including infringements through acts of cybersquatting.

31.     This is not Krim's first foray into the mattress business.  Upon information and belief, Krim has also operated a number of other mattress businesses including Sleep Products D2C, Inc., Sleep Better Store, LLC, dreamnumber.com, and Angel Beds LLC (the "Prior Businesses").

32.     Upon information and belief, Krim's Prior Businesses were subject to litigation surrounding accusations of patent and trademark infringement, including using another mattress manufacturer's trademark in domain names, namely, cybersquatting.  Upon information and belief, Krim was forced to rebrand the Prior Businesses as a result of his previous litigation.  As a result, Krim's actions are purposeful, with knowledge and intent and are not the subject of mistake.

33.     Upon information and belief, in his latest infringement, Krim created Casper to compete with Nature's Sleep in the "bed in a box" category.  Upon information and belief, Krim and Casper intentionally set out to trade on the goodwill of and misappropriate GhostBed's and Nature's Sleep's valuable trademarks and to compete unfairly as described herein.

**THE ACCUSED MISCONDUCT**

34.     ICS registered the "Cybersquatted Domain Name" shortly after Casper was launched.  When consumers were looking for plaintiff Nature's Sleep and chose the www.naturesleep.com website expecting to find Nature's Sleep, they were redirected to Casper's website, www.casper.com.

35.     Upon information and belief, Casper and Krim worked in concert with ICS to register the Cybersquatted Domain Name and to direct traffic from that domain to the Casper website.

36.     In addition, upon information and belief, Casper and Krim advertised with Google and other search engines with the intent to misdirect users looking for GhostBed and Nature's Sleep products.  This included purchasing keyword search terms—Google's "AdWords"—and using the advertising associated with the results of searches using the AdWords in a way that customers searching for GhostBed and Nature's Sleep would be misled and directed to a website for Casper's products instead of GhostBed.

37.     For example, Casper has purchased search terms using Nature's Sleep's trademark GHOSTBED and posted an ad to be seen in the results of such a search which has as a headline "SURELY YOU MEANT CASPER? – THE ORIGINAL CASPER MATTRESS." Upon information and belief, this would deceive consumers into believing that because of the famous CASPER THE FRIENDLY GHOST, consumers did not properly remember the mattress name they were looking for.  Thus, Casper's ad would likely confuse consumers into believing that Casper was the proper name of the GhostBed product that they were looking for.

38.     In addition, upon information and belief, Casper and Krim have used Nature's Sleep's slogan BETTER SLEEP FOR BRIGHTER DAYS on Casper's website and on point-of-

8

sale materials for their competing mattresses, knowing of Nature's Sleep prior rights to that slogan mark.

39.     Upon information and belief, Red Antler was aware that the slogan mark BETTER SLEEP FOR BRIGHTER DAYS was in use and protected under common law and nevertheless induced Casper and Krim to infringe and assisted in the infringement through the use of that slogan mark.  In addition, Red Antler posts advertising for Casper using this slogan mark on Red Antler's website.

40.     GhostBed, Nature's Sleep, and Casper sell directly competing products and to the same and similar customers through the same channels of trade utilizing the same and similar advertising vehicles.

41.     This conduct individually and the combination of this conduct and the use of the Marks creates a likelihood of confusion for customers as to an affiliation between Casper and GhostBed and Nature's Sleep.  It also creates a likelihood of confusion as to the source of Casper's products.

42.     In addition, upon information and belief, Casper and Krim have paid for or coerced reviewers—who appear to the public as independent reviewers—to review Casper's products more favorably than those reviewers have in fact independently reviewed Casper's products.

43.     Upon information and belief, Casper and Krim have posted comments or paid for or caused comments to be posted on the Internet, including in social media, which appear to the public to be independently posted comments that either denigrate GhostBed and Nature's Sleep or promote Casper.  In addition, many of the those comments are false and misleading.

44.     For example, Casper posted an advertisement that appeared when "GhostBed" was searched using Google stating "WHY BUY A COPYCAT? | CASPER.COM."  This falsely represents GhostBed as a Casper "copycat".

45.     Upon information and belief, Casper and Krim either directly or indirectly have made false, misleading, and disparaging comments in Internet posts about GhostBed and Nature's Sleep.

46.     In addition, upon information and belief, Casper has misrepresented the country of origin of some of the fabric content of its products.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT**

47.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

48.     Nature's Sleep is the owner of federal registrations for its mark NATURE'S SLEEP as set out in detail above.

49.     GhostBed and Nature's Sleep have no connection with Casper, Krim, or ICS and have not granted any license or consent—express or implied—to Defendants to use Nature's Sleep's distinctive and famous Marks.

50.     Defendants Casper, Krim, and ICS have used the mark NATURE'S SLEEP in a way that is likely to cause confusion among consumers as to the source, origin, sponsorship, or affiliation of Casper's products.

51.     Casper's use of NATURE'S SLEEP in connection with the promotion and sale of its competing mattress products has caused—and will continue to cause—a likelihood of confusion, mistake, and deception as to the source or origin of Casper's goods in that the trade

10

and the consuming public are likely to believe that Casper's goods are sponsored, approved by, or licensed by GhostBed and Nature's Sleep.

52.     Upon information and belief, Casper's adoption and use of NATURE'S SLEEP was intentional and was for the purpose of misleading the trade and consuming public.  In addition, Casper's, Krim's, and ICS's conduct constitutes an attempt to trade on the goodwill developed in the Registered Marks, all to the damage of GhostBed and Nature's Sleep.  These willful actions are in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     GhostBed and Nature's Sleep have been damaged by the aforementioned acts in an amount to be determined at trial.  Casper's, Krim's, and ICS's continued unlicensed adoption and use of NATURE'S SLEEP was done intentionally, willfully, maliciously, in bad faith, and in conscious disregard for GhostBed's and  Nature's Sleep's rights.

54.     Casper, Krim, and ICS, in committing the foregoing acts in commerce, have damaged, and will continue to damage, GhostBed and Nature's Sleep and their reputation and goodwill and Casper, Krim, and ICS have been and will continue to be unjustly enriched at the expense of GhostBed and Nature's Sleep who have no adequate remedy at law to completely redress such acts, and will be irreparably damaged unless they are enjoined from committing and continuing to commit such acts.

## COUNT II

### CONTRIBUTORY FEDERAL TRADEMARK INFRINGEMENT

55.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

56.     ICS registered the Cybersquatted Domain Name shortly after Casper was launched.

106613463.2

57.     As set out in above, ICS directly infringed GhostBed's and Nature's Sleep's rights in the NATURE'S SLEEP marks.

58.     Plaintiffs anticipate that discovery will reveal that Casper and Krim were aware that the NATURE'S SLEEP marks were in use and protected under federal law and nevertheless induced ICS to infringe by using that mark.

59.     Plaintiffs anticipate that discovery will reveal that Casper and Krim induced ICS to assist Casper and Krim in their infringement of the NATURE'S SLEEP marks.

60.     GhostBed and Nature's Sleep have been damaged by the aforementioned acts in an amount to be determined at trial.

61.     Casper, Krim, and ICS, in committing the foregoing acts in commerce, have damaged, and will continue to damage, GhostBed and Nature's Sleep and their reputation and goodwill, and Casper, Krim, and ICS have been and will continue to be unjustly enriched at the expense of GhostBed and Nature's Sleep who have no adequate remedy at law to completely redress such acts, and will be irreparably damaged unless they are enjoined from committing and continuing to commit such acts.

## COUNT III

### FEDERAL UNFAIR COMPETITION

62.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

63.     Defendants' conduct, as described above, in using the marks NATURE'S SLEEP, GHOSTBED and BETTER SLEEP FOR BRIGHTER DAYS constitutes use of false designations of origin and false or misleading descriptions or representations of fact on or in connection with Casper's goods.  This is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Casper with GhostBed and Nature's Sleep, and/or as

12

to the origin, sponsorship, or approval of Casper's goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendants' conduct constitutes an attempt to trade on the goodwill that GhostBed and Nature's Sleep have developed in the Marks, all to the damage of GhostBed and Nature's Sleep.

65.     Defendants' use in commerce of designations which are identical and/or confusingly similar to the Marks, despite its having notice of Plaintiffs' prior rights in and to the Marks, constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Casper's goods and commercial activities.

66.     In addition, Defendants' conduct, as described above, including their conduct in posting false, misleading and confusing posts on social media and encouraging others to make false, misleading and confusing statements constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     Defendants, in committing the foregoing acts, have damaged—and will continue to damage—GhostBed and Nature's Sleep and their reputation and goodwill.  Defendants have been and will continue to be unjustly enriched at the expense of GhostBed and Nature's Sleep who have no adequate remedy at law to completely redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

## COUNT IV
## CONTRIBUTORY FEDERAL UNFAIR COMPETITION

68.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

13

69.     As set out above, Casper and Krim directly engaged in false designations of origin and false or misleading descriptions or representations of fact on or in connection with Casper's goods.

70.     Red Antler utilized the BETTER SLEEP FOR BRIGHTER DAYS mark in its own advertisements, as well as assisted Casper and Krim in utilizing the same.

71.     Upon information and belief, Red Antler was aware that the slogan mark BETTER SLEEP FOR BRIGHTER DAYS was in use and protected under common law and nevertheless induced Casper and Krim to infringe by using that slogan mark.

72.     Upon information and belief, Red Antler intended to assist and assisted Casper and Krim in Casper's and Krim's infringement of the BETTER SLEEP FOR BRIGHTER DAYS slogan mark.

73.     ICS utilized the NATURE'S SLEEP marks in its own domain name, as well as assisted Casper and Krim in utilizing the same.

74.     Plaintiffs anticipate that discovery will reveal that ICS was aware that the NATURE'S SLEEP marks were in use and protected under federal law and nevertheless induced Casper and Krim to infringe by using that slogan mark.

75.     Plaintiffs anticipate that discovery will reveal that ICS intended to assist and assisted Casper and Krim in Casper's and Krim's deception utilizing the NATURE'S SLEEP marks.

76.     Red Antler and ICS, in committing the foregoing acts, have damaged—and will continue to damage—GhostBed and Nature's Sleep and their reputation and goodwill.  Red Antler and ICS have been and will continue to be unjustly enriched at the expense of GhostBed and Nature's Sleep who have no adequate remedy at law to completely redress such acts, and

14

will be irreparably damaged unless Red Antler and ICS are enjoined from committing and continuing to commit such acts.

## COUNT V
### CYBERSQUATTING

77.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

78.     Defendants Casper, Krim, and ICS established and used the Cybersquatted Domain Name with the bad-faith intent to profit from Nature's Sleep's Marks, which are protected as distinctive marks under Section 3002(a) of the Anticybersquatting Act, 15 U.S.C. § 1125(d)(1).

79.     Casper, Krim, and ICS registered or had registered in their behalf and used the Cybersquatted Domain Name without the prior knowledge, permission, or consent of Nature's Sleep.

80.     Casper, Krim, and ICS used the Cybersquatted Domain Name to sell goods in a way that is likely to cause confusion with Nature's Sleep's goods sold under the Marks.

81.     The fact that Cybersquatted Domain Name was registered under a false or proxy registrant name and Defendant Krim's prior acts of Cybesquatting are all evidence of a bad faith intent under 15 U.S.C. § 1125 (d)(1)(B)(i).

## COUNT VI
### FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

82.     The allegations of the preceding paragraphs are incorporated by reference as though fully set further herein.

83.     Defendants' actions constitute common law trademark infringement.

15

84.     Defendants, in committing the foregoing acts, have damaged—and will continue to damage—GhostBed and Nature's Sleep and their reputation and goodwill.  Defendants have been and will continue to be unjustly enriched at the expense of GhostBed and Nature's Sleep who have no adequate remedy at law to completely redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

COUNT VII

FLORIDA COMMON LAW CONTRIBUTORY TRADEMARK INFRINGEMENT

85.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

86.     Casper's and Krim's actions constitute common law trademark infringement as set forth above.

87.     Upon information and belief, Red Antler was aware that the BETTER SLEEP FOR BRIGHTER DAYS slogan mark was in use and protected under federal law and nevertheless induced Casper and Krim to infringe by using that mark.

88.     Upon information and belief, Red Antler intended to assist Casper and Krim in Casper and Krim's infringement of the BETTER SLEEP FOR BRIGHTER DAYS slogan mark.

89.     Plaintiffs anticipate that discovery will reveal that ICS was aware that the NATURE'S SLEEP marks were in use and protected under federal law and nevertheless induced Casper and Krim to infringe by using that mark.

90.     Plaintiffs anticipate that discovery will reveal that ICS intended to assist Casper and Krim in Casper's and Krim's infringement of the NATURE'S SLEEP marks.

91.     Red Antler and ICS, in committing the foregoing acts, have damaged—and will continue to damage—GhostBed and Nature's Sleep and their reputation and goodwill.  Red Antler and ICS have been and will continue to be unjustly enriched at the expense of GhostBed

16

and Nature's Sleep who have no adequate remedy at law to completely redress such acts, and will be irreparably damaged unless Red Antler and ICS are enjoined from committing and continuing to commit such acts.

**COUNT VIII**

**FLORIDA COMMON LAW UNFAIR COMPETITION**

92.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

93.     Defendants' conduct as set out above tend to falsely represent Casper's goods as being affiliated with, connected to, associated with, or sponsored or approved by GhostBed and Nature's Sleep.  In addition, Defendants' acts are unfair competition because they are false advertising as discussed above.

94.     Defendants' conduct constitutes unfair competition with GhostBed and Nature's Sleep, and result in Defendants' unjust enrichment under the common law of Florida.

95.     Defendants, in committing the foregoing acts, have damaged—and will continue to damage—GhostBed and Nature's Sleep and their reputation and goodwill.  Defendants have been and will continue to be unjustly enriched at the expense of GhostBed and Nature's Sleep who have no adequate remedy at law to completely redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

**COUNT IX**

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

96.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

17

97.     Defendants' conduct in utilizing the Marks constitutes unfair competition under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") codified at Section 501.201, *et seq.*, Florida Statutes.

98.     Defendants' conduct in trading on the good will of and misappropriating the Marks constitutes unfair competition under FDUTPA.

99.     Defendants' use of the Marks in connection with the sale of Casper's goods has caused, and will further cause, a likelihood of confusion, mistake, and deception as to the source of origin of Casper's goods, and the relationship between GhostBed and Nature's Sleep and Defendants.  Thus, Defendants have also engaged in unfair competition with GhostBed and Nature's Sleep in violation of FDUTPA by selling and/or offering, and promoting their products with the intention of trading upon the goodwill established by GhostBed and Nature's Sleep and are thereby misappropriating the benefits of substantial effort and money expended by GhostBed and Nature's Sleep in establishing its rights in and to the Marks.

100.    In addition, upon information and belief, Defendants have made false and misleading statements and caused others to make false and misleading statements about Casper's goods and about GhostBed's and  Nature's Sleep's goods; specifically Casper and Krim post positive reviews and pay others to have positive reviews of Casper's goods completed through internet advertisers.  In addition, discovery will reveal that Casper and Krim strong-armed reviewers who appeared independent into posting positive reviews of Casper's goods and into posting reviews of Casper products more favorably than GhostBed and Nature's Sleep even those they do not actually rate higher.

101.    Defendants' actions were done in bad faith; they were intentional, malicious, and willful; and Defendants' actions have caused substantial harm to GhostBed and Nature's Sleep.

106613463.2

## COUNT X

### DECLARATORY JUDGMENT

102.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

103.    Defendants Casper and Krim have alleged that GhostBed and Nature's Sleep have infringed Casper's trademark, U.S. Reg. No. 4,762,027, by engaging in comparative advertising. Thus, there exists a real and actual controversy.

104.    Such accused advertising includes utilizing Twitter, Casper's Twitter handle (@Casper), and hashtags to compare Casper's and Plaintiffs' products.  A hashtag is a word preceded by the pound sign (#) that allows social media sites such as Twitter to group postings together and to develop lists of what is "trending."  A Twitter handle is an individual account preceded by the at sign (@), which allows users to interact with one another in a way which links the tweets.

105.    None of these postings or similar postings are false or constitute trademark infringement or unfair competition under federal trademark law and none constitutes any violation of any state law.

106.    In addition, such advertising is protected by the First Amendment as commercial speech.

107.    GhostBed and Nature's Sleep are entitled to a declaratory judgment that they have neither infringed nor are infringing the CASPER mark nor violating any of Casper's rights.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all triable issues.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiffs, GhostBed and Nature's Sleep, respectfully request that this Court enter final judgment and preliminary and permanent injunctive relief in favor of Plaintiffs and against Defendants as follows:

a)      awarding Plaintiffs their damages and Defendants' profits, including their compensatory, consequential, statutory, and special damages including, without limitation, its lost profits, Defendants' profits, loss of goodwill and damage to its reputation, as well as exemplary damages, together with pre- and post-judgment interest, as provided by law, including, but not limited to, treble damages and increased profits;

b)      awarding Plaintiffs their reasonable attorneys' fees and costs associated with this action;

c)      granting preliminary and permanent injunctive relief in favor of Plaintiffs and against Defendants, enjoining Defendants from engaging in the unlawful practices described in this complaint;

d)      declaring that Plaintiffs have not violated any rights of Defendants;

e)      granting such further relief as this Court deems just and proper.

106613463.2

Dated: April 4, 2016                    /s/ Zachary D. Ludens
                                        David J. Smith (FBN 876119)
                                        dsmith@carltonfields.com
                                        Alan M. Grunspan (FBN 451150)
                                        agrunspan@carltonfields.com
                                        Zachary D. Ludens (FBN 11620)
                                        zludens@carltonfields.com
                                        CARLTON FIELDS JORDEN BURT, P.A.
                                        Miami Tower – 100 SE Second St.
                                        Suite 4200
                                        Miami, Florida  33131
                                        Tel:    305.530.0050
                                        Fax:    305.530.0055

                                        Ethan Horwitz (admitted *pro hac vice*)
                                        ehorwitz@carltonfields.com
                                        nvalenza-frost@carltonfields.com
                                        CARLTON FIELDS JORDEN BURT, P.A.
                                        405 Lexington Avenue, 36th Floor
                                        New York, NY 10174-0002
                                        Tel:    212.380.9617
                                        Fax:    212.785.5203

                                        Peter A. Koziol (FBN 0030446)
                                        pak@assoulineberlowe.com
                                        Eric N. Assouline (FBN 106143)
                                        ena@assoulineberlowe.com
                                        ASSOULINE & BERLOWE, P.A.
                                        1801 N. Military Trail, Suite 160
                                        Boca Raton, Florida 33431
                                        Tel:    561.361.6566
                                        Fax:    561.361.6466

                                        *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or as stated below:

**<u>VIA CM/ECF Notices</u>**

> **Steven Ira Peretz**
> **Michael B. Chesal**
> Peretz Chesal & Herrmann PL
> 2 South Biscayne Blvd.
> Suite 3700
> Miami, FL 33131
> 305-341-3000
> Email: speretz@pch-iplaw.com
>            mchesal@pch-iplaw.com
>
> *Counsel for Defendants Casper Sleep, Inc. and Philip Krim*

**<u>To be Served Along with Summons</u>**

> Red Antler, LLC
>
> ICS Inc.

> */s/ Zachary D. Ludens_____*