**Addendum A**

## Addendum A

*Request for Production No. 3*

**Request:**     Any and all documents and communications between Krim and any company, group, or individual concerning the analysis or publication of mattress reviews.

**First Response:**     Subject to objection based on this Request being overbroad, and not related to jurisdictional discovery, Defendant Krim's identification of responsive documents, if any, remains ongoing and is not yet completed.

**Second Response:**     Objection.  The Request seeks documents outside the scope of jurisdictional discovery.  Defendant Krim notes preliminarily that the Amended Complaint contains no specific allegations as to what activities Defendant Philip Krim individually engaged in that relates in any way to mattress reviewers.  There is no allegation that Philip Krim did anything improper with any specific reviewer, nor any specific allegation that Philip Krim somehow impaired Plaintiffs by interacting with a specific reviewer, or even reviewers generally.

Instead, the Amended Complaint speaks in conclusions and generalities as to those activities by both Defendant Casper and Defendant Krim (without any differentiation) which are directed at mattress reviewers.  In particular, the Amended Complaint fails to allege at all how any of Defendant Krim's purported interactions (never specified) with any mattress reviewer (never identified) caused any injury to Plaintiffs or its customers in Florida foreseeably known by Defendant Krim.

Notwithstanding these pleading deficiencies, Defendant Krim requested that Plaintiffs narrow this Request in a manner calculated to limit the document production to the issue of Defendant Krim's personal jurisdiction. Plaintiff responded by providing Defendant Krim with a list of mattress reviewers – none of which were identified in the Amended Complaint – which Plaintiffs deemed relevant to jurisdictional discovery.  (A copy of the list is attached hereto as "Exhibit "B.")

The use of these keyword search terms by Defendant Krim's counsel yielded the following results:

- The keyword "huffingtonpost.com" resulted in 510 document hits.  When refined by the additional search term "Berman" (the individual posting mattress reviews) there were no responsive documents.

- The keyword "The Examiner" resulted in 569 document hits.  When refined by the additional search term "Weber" (the individual posting mattress reviews) there were no responsive documents.

- The remaining keywords collectively resulted in 443 document hits.  These 443 documents were individually reviewed by Defendant Krim's counsel.  None of these documents identified, referenced or otherwise used the words Ghostbed or Nature's Sleep, or the GHOSTBED, NATURES SLEEP, or BETTER SLEEP FOR BRIGHTER DAYS trademarks. None of these documents referenced Florida or a location within Florida.

In sum, given the insufficient jurisdictional allegations in the Amended Complaint, coupled with the absence of any responsive documents involving the mattress reviewers

provided by Plaintiffs, it is clear that Plaintiffs' request is nothing more than a fishing expedition to support speculative jurisdictional claims.  Thus, those documents will not be produced.

Krim's objection is wholly flawed, as discussed in the memorandum.  Plaintiffs are only required to show that Krim intentionally targeted Plaintiffs to establish jurisdiction under Florida's long-arm statute.  Understanding Krim's role at Casper, and how he directly interacted with mattress reviewers, inevitably is relevant to that inquiry and the discovery is proportional.

*Request for Production No. 5*

**Request:**    Any and all documents and communications between Krim and Red Antler, LLC concerning past, present and future marketing plans, proposals, strategies or efforts.

**First Response:**    Subject to objection based on this Request being overbroad, and not related to jurisdictional discovery, Defendant Krim's identification of responsive documents, if any, remains ongoing and is not yet completed.

**Second Response:**    Objection. The request is overly broad and outside the scope of jurisdictional discovery.  A search was conducted of email correspondence between Defendant Philip Krim and the @redantler.com domain, which yielded nearly 4,000 documents reflecting communications between Defendant Krim and Red Antler.  Given that Red Antler, LLC has served as Defendant Casper's principal branding company, potentially every one of those communications could be related to Defendant Casper's "past, present and future marketing plans, proposals, strategies or efforts," yet have nothing to do with Plaintiffs' claim that Defendant Krim is individually subject to personal jurisdiction in Florida.

Subject to the foregoing objection, the initial keyword search was refined by running additional searches using the following search terms: Florida, Ghost, Ghostbed, Werner, Naturesleep and Naturessleep.  There were no documents reflecting communications between Defendant Krim and Red Antler, LLC containing any one of the foregoing search terms.

Additionally, a keyword search was run on these communications for the search term "Better Sleep."  The responsive documents reflecting communications between Defendant Krim and Red Antler, LLC resulting from the search term "Better Sleep" are being produced.

Krim's objection is wholly flawed, as discussed in the memorandum.  Plaintiffs are only required to show that Krim intentionally targeted Plaintiffs to establish jurisdiction under Florida's long-arm statute.  Understanding Krim's role at Casper—and how he interacted with "Casper's principal branding company," who also is a Defendant for contributory infringement—inevitably is relevant to that inquiry and the discovery is proportional.  Further, while Krim's counsel ran searches for "Ghost" and "Ghostbed," it did not run searches for "Nature's Sleep" "Nature Sleep" "Natures Sleep" or any other combination absent the name *without a space*.

*Request for Production No. 8*

**Request:**   Any and all documents and communications between Krim and any person, website, website owner, or company or organization that rates or evaluates mattresses.

**First Response:**   Subject to objection based on this Request being overbroad, and not related to jurisdictional discovery, Defendant Krim's identification of responsive documents, if any, remains ongoing and is not yet completed.

**Second Response:**   Objection. The Request seeks documents outside the scope of jurisdictional discovery. Defendant Krim incorporates by this reference his Objection set forth in response to Request No. 3.

Krim's objection is wholly flawed, as discussed in the memorandum.  Plaintiffs are only required to show that Krim intentionally targeted Plaintiffs to establish jurisdiction under Florida's long-arm statute.  Understanding Krim's role at Casper, and how he directly interacted with mattress reviewers, inevitably is relevant to that inquiry and the discovery is proportional.

4

*Request for Production No. 9*

**Request:**     Any and all documents or communications concerning any business activities, meetings, conferences, sales trips, and/or any other business-related travel conducted by Krim to or in the state of Florida, which support the allegations contained in paragraph twelve (12) of the Declaration of Philip Krim (D.E. 19-1).

**First Response:**     Defendant Krim's identification of responsive documents, if any, remains ongoing and is not yet completed.

**Second Response:**     Objection.  The request is overly broad and unduly burdensome. Notwithstanding this objection, Defendant Krim is providing documents related to his personal and business travel to Florida (in the form of airline tickets reflecting his travel dates, and other related travel receipts) which support the statements in paragraph twelve (12) of the Declaration of Philip Krim, as well as documents relating to his business activities conducted in Florida during those trips, which were conducted on behalf of Defendant Casper.

Krim's response here is a classic example of a general, non-specific objection with documents produced over it.  Therefore, the objection was waived.  *See, e.g., Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) (Brown, M.J.).  Nature's Sleep has no way of knowing which documents were produced and which were withheld based on the response.

*Request for Production No. 13*

**Request:**      Any and all documents and communications concerning any accusation against Krim personally or any company or organization with which Krim was associated as a founder, officer or owner for trademark infringement due to the use of a domain name which uses another's trademark or variation of that trademark.

**First Response:**      Defendant Krim reserves objecting to this Request pending his additional review of responsive documents.

**Second Response:**      Objection. The Request seeks documents outside the scope of jurisdictional discovery on the following grounds:

1.      **No relevancy to jurisdiction.**      Accusations by third-parties against Defendant Krim relating to trademark infringement or improper use of a domain name prior to the time Defendant Casper commenced business have no relevancy to the claims asserted against Defendant Krim in this action, and have no relevancy to jurisdictional discovery.   Any accusation, by its own terms, does not reflect a judicial determination of any actual wrongdoing by the person accused, and thus cannot be asserted as proof of bad faith by that person in a subsequent action.

2.      **No foundation for the request.**      Even assuming, contrary to law, that pre-Casper third party accusations against Defendant Krim were relevant to jurisdiction, and that such prior accusations were probative of Defendant Krim's bad faith at Casper, the only allegations of Defendant Krim's bad faith in the Amended Complaint relate to Defendant Krim's supposed improper registration and use of the www.naturessleep.com domain.  As Defendant Krim's responses to Plaintiffs' requests for production make clear, coupled with Defendant Krim's statement in his Declaration, he had no knowledge, much less involvement, with ICS's registration of the www.naturessleep.com domain.  Absence any evidence of Defendant Krim engaging in a wrongful act, his purported bad faith as to such wrongful act is mooted.

Krim's objection is wholly flawed, as discussed in the memorandum.  Plaintiffs are only required to show that Krim intentionally targeted Plaintiffs to establish jurisdiction under Florida's long-arm statute.  Krim's response is that he did not know that Nature's Sleep was located in Florida.  Not only is Krim's knowledge of Nature's Sleep's location irrelevant, but it opened the door to discovery of his past actions to show a lack of mistake, as set out in the memorandum.  Based on counsel for Krim's incorrect legal conclusions, all such documents were withheld.  This is wholly improper.

*Request for Production No. 14*

**Request:**      Any and all documents concerning any issue in Krim's declaration (D.E. 19-1.)

**First Response:**      Defendant Krim is awaiting clarification of this Request from Plaintiffs.

**Second Response:**      Objection based on the Request's ambiguity and overbreadth. Defendant Krim is now awaiting the narrowing of this Request from Plaintiffs as confirmed by Defendant Krim's counsel by email transmitted April 13, 2016 to Plaintiffs' counsel.

Krim's objections are without merit.  This is a standard request for production, especially where a defendant makes a declaration in which they make unsupported assertions to try to avoid jurisdiction.