**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-CV-62571-WPD/DIMITROULEAS**

GHOSTBED, INC. and WERNER MEDIA
PARTNERS, LLC D/B/A NATURE'S SLEEP,
LLC,

    Plaintiffs,

v.

CASPER SLEEP, INC.; PHILIP KRIM;
RED ANTLER, LLC; and ICS INC.,

    Defendants.
_____/

CASPER SLEEP, INC.

    Counterclaim-Plaintiff,

v.

GHOSTBED, INC. and WERNER MEDIA
PARTNERS, LLC D/B/A NATURE'S SLEEP,
LLC,

    Counterclaim-Defendants.
_____/

**DEFENDANT KRIM'S UNOPPOSED MOTION
FOR LEAVE TO FILE A SHORT SUR-REPLY**

    Defendant, Philip Krim, through counsel, hereby moves for leave to file a short Sur-Reply (not to exceed five pages of text) to Plaintiffs' "Response to Krim's Response to Court Order Addressing Motion to Compel" [DE 61] (the "Reply") and states:

    1.    By Order to Respond dated June 21, 2016 [DE 50], Magistrate Judge Snow ordered Defendant Krim to file a "short response" to Plaintiffs' Motion to Compel [DE 40]. Although the Order did not specify a page limit for Krim's response, Krim's Response [DE 52] was limited to

1

ten pages in length – half the number of pages authorized for a traditional response memorandum under the local rules.  (*See* L.R. 7.1.)

2. The Order to Respond did not authorize the filing of a Reply by Plaintiffs.  But when Plaintiffs' counsel sought Krim's consent to file a Reply, Krim's counsel gave such consent – subject to the understanding that "the Reply will introduce no new arguments (that is, no arguments not previously advanced in the Motion." (Email from Steven Peretz to Zachary Ludens, dated July 8, 2016 at 4:17 pm.)

3. On July 11, 2016, Plaintiffs filed their Reply [DE 61], which ran 10 pages in length – equal to the length of Krim's Response.  The Reply set forth the following new arguments that dramatically changed the position originally taken by Plaintiffs in their Motion to Compel:

- Plaintiffs argue for the first time that Krim's commission of an "intentional tort" alone renders him subject to personal jurisdiction irrespective of whether he knew the tort would cause harm in Florida. (Reply at 4, citing *Louis Vuitton*).  This new argument departs from the position taken by Plaintiffs in their Motion that under the exception to the Corporate Shield Doctrine, Plaintiffs must prove that Krim knowingly caused injury in Florida.  (Motion at 15-16.)

- Plaintiffs argue for the first time that Krim's lack of knowledge as to Plaintiffs' *existence* at the time of his alleged misconduct is irrelevant to the jurisdictional analysis. (Reply at 5.)  This new argument departs even further from the position taken by Plaintiffs in their Motion that Krim's lack of knowledge as to Plaintiffs' *Florida location* was irrelevant. (Motion at 12.)

- Plaintiffs argue for the first time that Krim's alleged misrepresentation as to the quality of *Casper's* products on the Internet – made at Krim's direction – constitutes intentional misconduct which *alone* subjects him to personal jurisdiction irrespective of whether he knew such alleged misconduct caused injury to Plaintiffs in Florida. (Reply at 5.) This new argument departs from the position taken by Plaintiffs in their Motion that Krim's attempt to "coerce" or "strong-arm" mattress reviewers into giving Casper favorable reviews constituted the intentional misconduct at issue (Motion at 15-16.) The departure is significant because Plaintiffs never proffered a published a mattress review evidencing that a mattress reviewer ever acceded to Krim's purported coercion

– thus indicating that no injury to Plaintiffs ever occurred based on such purported misconduct.

4. In addition to improperly introducing new arguments in their Reply, Plaintiffs have further used the Reply to introduce a significant body of new case law not cited in their Motion which support the new arguments.

5. Finally, in a definitional sleight of hand, Plaintiffs have defined Plaintiffs GhostBed and Nature's Sleep in their Reply *collectively* as "Nature's Sleep" – thereby collapsing separate causes of action by different Plaintiffs into one party without differentiation. Plaintiffs did so apparently based on the inconvenient truth that GhostBed *did not even exist* at the time when Krim engaged in the purported misconduct and thus Ghostbed has no basis for asserting jurisdiction over Krim for its causes of action, much less any standing to compel jurisdictional discovery.

6. In sum, Plaintiffs have basically retooled the "Reply" to stand in for their Motion to Compel (which Plaintiffs initially presented only as alternative relief in their Opposition to Krim's Motion to Dismiss for Lack of Jurisdiction). Consequently, Krim is now fully justified in filing a Sur-Reply to address Plaintiffs' new arguments and host of new cases to avoid prejudice. (A copy of the proposed Sur-Reply is attached to this motion as Exhibit "A.")

7. Counsel for Krim has conferred with counsel for Plaintiffs regarding the filing of this motion. Without agreeing to the substantive grounds Krim asserts for seeking leave to file a Sur-Reply, Plaintiffs are unopposed to Krim filing of a Sur-Reply.

WHEREFORE, Defendant Krim respectfully requests that this Court enter an order granting Krim leave to file the Sur-Reply attached as Exhibit A.

Dated: July 19, 2016     Respectfully submitted,

**PERETZ, CHESAL & HERRMANN, P.L.**
*Attorneys for Philip Krim*
2 S. Biscayne Blvd., Suite 3700
Miami, Florida 33131
Tel: 305-341-3000
Fax: 305-371-6807

By: /s/Steven I. Peretz
Steven I. Peretz (Fla. Bar No. 329037)
speretz@pch-iplaw.com
Michael B. Chesal (Fla. Bar No. 775398)

3

mchesal@pch-iplaw.com
Moish E. Peltz (Fla. Bar No. 99611)
mpeltz@pch-iplaw.com
Albert Alvarez (Fla. Bar No. 106859)
aalvarez@pch-iplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on July 19, 2016 on all counsel or parties of record in the manner specified on the Service List below.

/s/Steven I. Peretz

## SERVICE LIST

Alan Michael Grunspan
agrunspan@cfjblaw.com
Ethan Horwitz
ehorwitz@carltonfields.com
Zachary Dean Ludens
ZLudens@carltonfields.com
David James Smith
dsmith@carltonfields.com
Carlton Fields Jorden Burt, P.A.
100 SE Second Street, Suite 4200
Miami, FL 33131
*Counsel for Plaintiffs, Ghostbed, Inc. and Werner Media Partners, LLC*
**Via CM/ECF**

Andrew Kemp-Gerstel
akg@lgplaw.com
Jana M. Montiel
jmm@lgplaw.com
Peter J. Maskow
pjm@lgplaw.com
Liebler, Gonzalez & Portuondo
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
T: (305) 379-0400
F: (305) 379-9626
*Counsel for Red Antler, LLC*
**VIA CM/ECF**

Jeff Sonnabend
JSonnabend@SonnabendLaw.com
Sonnabend Law
600 Prospect Avenue
Brooklyn, NY 11215
718.832.8810
**Via U.S. Mail and Email**

4