UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-62571-WPD/DIMITROULEAS

GHOSTBED, INC. and WERNER MEDIA
PARTNERS, LLC D/B/A NATURE'S SLEEP,
LLC,

Plaintiffs,

v.

CASPER SLEEP, INC.; PHILIP KRIM;
RED ANTLER, LLC; and ICS INC.,

Defendants.
_____/

CASPER SLEEP, INC.
Counterclaim-Plaintiff,

v.

GHOSTBED, INC. and WERNER MEDIA
PARTNERS, LLC D/B/A NATURE'S SLEEP,
LLC,

Counterclaim-Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Red Antler LLC's Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") [DE 47], filed herein on June 13, 2016. The Court has carefully reviewed the Motion [DE 47], the Response [DE 54], and the Reply [DE 59]. The Court is otherwise fully advised in the premises.

**I.   Background**

Plaintiffs, Ghostbed, Inc. ("Ghostbed") and Werner Media Partners, LLC, d/b/a Nature's Sleep LLC ("Nature's Sleep"), commenced this action on December 8, 2015, against Defendants

Casper Sleep, Inc. ("Casper") and Philip Krim. [DE 1]. Plaintiffs filed their Amended Complaint (the "AC") on April 4, 2016, adding Red Antler, LLC ("Red Antler") and ICS, Inc. ("ICS") as additional Defendants. [DE 26].

Nature's Sleep and Ghostbed are both corporations in the business of, among other things, manufacturing and selling mattresses, beds, pillows, toppers, and foundations. [¶¶ 3-4, 20-21]. Nature's Sleep was among the first in the mattress business to deliver a "bed in a box" concept direct to consumers, which involves a bed vacuum-sealed in a box that inflates when the packaging is open. [¶ 23]. Nature's Sleep owns a number of trademarks, including BETTER SLEEP FOR BRIGHTER DAYS, some of which it licenses to Ghostbed. [¶¶ 24-28]. Defendant Krim created Casper to compete with Nature's Sleep in the "bed in a box" category. [¶ 33]. Red Antler is a company in the business of marketing for startups. [¶ 7]. Casper is one of Red Antler's clients. [¶ 7]. Red Antler developed a BETTER SLEEP FOR BRIGHTER DAYS mark for Krim and Casper and, knowing of Nature's Sleep's rights to that mark, it induced Krim and Casper to use that mark. [¶ 15]. Red Antler posts advertisements for Casper using the infringing slogan mark on Red Antler's website. [¶ 39]. Plaintiffs bring a total of ten counts, seven of which relate to Red Antler:  (1) Count III, Federal Unfair Competition; (2) Count IV, Contributory Federal Unfair Competition; (3) Count VI, Florida Common Law Trademark Infringement; (4) Count VII, Florida Common Law Contributory Trademark Infringement; (5) Count VIII, Florida Common Law Unfair Competition; (6) Count IX, Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 ("FDUTPA"); and (7) Count X, Declaratory Judgment.

**II.     Standard of Review**

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S.

41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)). "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

### III. Discussion

#### a. Plaintiffs adequately allege that they have used or otherwise hold rights to the BETTER SLEEP FOR BRIGHTER DAYS mark.

While the AC references multiple registered trademarks and trademark applications, the Red Antler allegations pertain solely to the BETTER SLEEP FOR BRIGHTER DAYS mark. Specifically, the AC alleges that "Nature's Sleep is the owner of U.S. trademark application

3

86/842,644 and 86/842,536 for BETTER SLEEP FOR BRIGHTER DAYS which is in use and has been in continuous use since well prior to the acts of Casper complained of herein." [¶ 28]. A plaintiff may prevail on a federal unfair competition claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) based on an unregistered trademark where the plaintiffs demonstrates

> (1) that the public recognizes plaintiff's symbol as identifying his goods or services and distinguishes them from those of others, and (2) that defendant's actions cause a likelihood of confusion among the relevant buyer class. Element (1) can be shown in either of two ways: (a) that plaintiff's symbol was inherently distinctive or (b) that even if not inherently distinctive, the symbol achieved customer recognition and "secondary meaning."

*Brooks Shoe Mfg. Co. v. Suave Shoe Corp.*, 533 F. Supp. 75, 77 (S.D. Fla. 1981), *aff'd.*, 716 F.2d 854 (11th Cir. 1983).

Red Antler has attached to its Motion the U.S. trademark applications 86/842,644 and 86/842,536 for BETTER SLEEP FOR BRIGHTER DAYS. *See* [DE 47-1, Ex. A]. The trademark applications include screenshots from a website for "CoutureSleep." *Id.* Red Antler has also attached a registration indicating that CoutureSleep is a Limited Liability Company registered with the State of Florida. [DE 47-1, Ex. B]. Red Antler notes that the AC does not allege that CoutureSleep is a subsidiary or assignor of any rights to the BETTER SLEEP FOR BRIGHTER DAYS mark. As a result, Red Antler argues that Plaintiffs have failed to allege that either of them have used or otherwise hold rights to the BETTER SLEEP FOR BRIGHTER DAYS mark. For the same reason, Red Antler asserts that Plaintiffs have failed to state claims for Contributory Federal Unfair Competition, Florida Common Law Trademark Infringement, Florida Common Law Contributory Trademark Infringement, and violation of FDUTPA. In Response, Plaintiffs have attached the Declaration of Marc Werner (the "Werner Declaration"), indicating that CoutureSleep is, in fact, a wholly owned subsidiary of Nature's Sleep and is licensed to use the BETTER SLEEP FOR BRIGHTER DAYS mark. [DE 54-1 ¶¶ 3, 5]. Plaintiffs aver that as a

4

licensee, CoutureSleep's use of the mark inures to the benefit of Plaintiffs. *See* 15 U.S.C. § 1055; *Clayton v. Howard Johnson Franchise Sys., Inc.*, 730 F. Supp. 1553, 1560 (M.D. Fla. 1988) ("The law is clear that while a license is in effect, use of a licensed mark by a licensee inures to the benefit of the licensor."). Red Antler argues that, regardless, the Court should not consider the Werner Declaration on this motion to dismiss because it is outside of the four corners of the AC. Taking the allegations in the AC in the light most favorable to Plaintiffs, as the Court must do on a motion to dismiss, the Court finds that Plaintiffs have adequately alleged their ownership and use of the BETTER SLEEP FOR BRIGHTER DAYS mark. To the extent that the Court would consider the trademark applications proffered by Red Antler, it would also consider the Werner Declaration as to the same point. The Court notes that Red Antler may introduce evidence of third-party use of the BETTER SLEEP FOR BRIGHTER DAYS mark on summary judgment or at trial.

      **b. Plaintiffs have stated a claim for Count IV, Contributory Federal Unfair Competition.**

Red Antler argues that Plaintiffs have failed to state a claim for Contributory Federal Unfair Competition, because the allegations do not rise above mere conclusory recitals of the claim's legal elements. The Court disagrees. "[T]o establish a claim for inducement, a plaintiff must show that the defendant (1) engaged in purposeful conduct that encouraged copyright infringement, with (2) the intent to encourage such infringement." *GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1300 (M.D. Fla. 2015) (quoting *Arista Records LLC v. Lime Grp. LLC*, 784 F.Supp.2d 398, 425 (S.D.N.Y.2011)). The Eleventh Circuit has noted that "the case law suggests that a contributory infringement claim requires, at a minimum, both an allegation of a direct infringement by a third party, and an allegation of an intentional or knowing contribution to that infringement by the defendant." *Optimum Techs., Inc.*

*v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1245 (11th Cir. 2007). Plaintiffs have alleged that Red Antler was aware of Nature's Sleep's rights to the BETTER SLEEP FOR BRIGHTER DAYS mark, yet still induced and encouraged Casper, its client, to use the mark by developing the mark for Casper and Krim's use.

### c. Plaintiffs have stated a claim for Count IX, under FDUTPA.

The Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") outlaws "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204. In order to state a claim under FDUTPA, Plaintiff must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *McGuire v. Ryland Grp., Inc*., 497 F. Supp. 2d 1347, 1355 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland,* 951 So.2d 860, 869 (Fla. 2nd DCA 2006)). Red Antler argues that Plaintiffs have failed to sufficiently allege the last element, actual damages.

Regardless of whether Plaintiffs have pled actual damages, however, Plaintiffs may obtain injunctive under FDUTPA. *Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.*, 123 So. 3d 1149, 1152 (Fla. 5th DCA 2012). FDUTPA provides that "[w]ithout regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." Fla. Stat. Ann. § 501.211. Plaintiffs seek injunctive relief. *See* [DE 26 at 20]. Count IX alleges that

> Defendants' use of the Marks in connection with the sale of Casper's goods has caused, and will further cause, a likelihood of confusion, mistake, and deception as to the source of origin of Casper's goods, and the relationship between GhostBed and Nature's Sleep and Defendants . . . Defendants' actions have caused substantial harm to GhostBed and Nature's Sleep.

[¶¶ 99, 101]. A likelihood of consumer confusion is a sufficient basis for injunctive relief under FDUTPA. *Wyndham Vacation Resorts, Inc.*, 123 So. 3d at 1152. Thus, the Court rejects Red Antler's argument that Count IX must be dismissed for failure to plead actual damages.

### d.  The Amended Complaint comports with Fed. R. Civ. P. 8.

Red Antler opines that the Amended Complaint must be dismissed because it does not comply with Fed. R. Civ. P. 8(a), which requires that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Specifically, Red Antler argues that the AC is so disorganized that it is difficult to discern the facts relevant to each count, the marks Defendants are claiming are infringed in a given count, or the Defendants against whom each count is alleged. Moreover Red Antler contends that the AC is an improper "shotgun pleading," where "each [count] incorporate[es] by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). While the Court frowns upon Plaintiffs' incorporation of prior allegations into each count, overall the Court finds that the AC is sufficiently clear to comply with Rule 8 and to put Red Antler on sufficient notice of the claims asserted against it.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [DE 47] is **DENIED**.

**DONE** and **ORDERED** in Chambers at Fort Lauderdale, Florida, this 18th day of July 2016.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of Record