**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:15-cv-62571-WPD

GHOSTBED, INC., and WERNER MEDIA
PARTNERS, LLC d/b/a NATURE'S SLEEP,
LLC,

    Plaintiffs,

v.

CASPER SLEEP, INC., and PHILIP KRIM;
RED ANTLER, LLC; and ICS INC.,

    Defendants.
_____/

CASPER SLEEP, INC.,

    Counterclaim-Plaintiffs,

v.

GHOSTBED, INC., and WERNER MEDIA
PARTNERS, LLC d/b/a NATURE'S SLEEP,
LLC,

    Counterclaim-Defendants.
_____/

**GHOSTBED, INC. AND WERNER MEDIA PARTNERS, LLC D/B/A
NATURE'S SLEEP LLC ANSWER AND AFFIRMATIVE DEFENSES
TO CASPER SLEEP, INC.'S AMENDED COUNTERLCAIMS**

Plaintiffs and Counterclaim-Defendants GhostBed, Inc. ("GhostBed") and Werner Media Partners, LLC d/b/a Nature's Sleep LLC ("Nature's Sleep"), files its Answer and Affirmative Defenses to Defendant and Counterclaim-Plaintiff Casper Sleep, Inc.'s ("Casper") Amended Counterclaims, and in response to each numbered paragraph thereof, states:

**INTRODUCTION**

1. Denied.

## THE PARTIES

2. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2. Therefore, denied.

3. Admitted.

4. Admitted.

5. GhostBed and Nature's Sleep admit only that GhostBed and Werner Media Partners, LLC d/b/a Nature's Sleep owns GhostBed. Otherwise, denied.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

## FACTS

### A. CASPER'S REMARKABLE START-UP SUCCESS

8. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8. Therefore, denied.

9. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9. Therefore, denied.

10. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10. Therefore, denied.

11. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11. Therefore, denied.

12. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12. Therefore, denied.

13. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 13.  Therefore, denied.

14.     GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.  Therefore, denied.

15.     GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.  Therefore, denied.

B.     **COUNTER-DEFENDANTS' INFRINGING AND DECEPTIVE ACTIVITIES**

a.     **Adoption of the Infringing GHOSTBED mark**

16.     Admits Nature's Sleep has been engaged in the mattress business for more than 15 years but denies the remaining allegations in Paragraph 16.

17.     Admits the owner of Nature's Sleep launched GhostBed in November 2015 but denies the remaining allegations in Paragraph 17.

18.     Admits GhostBed offers a compressed mattress in a small box but denies the remaining allegations in Paragraph 18.

19.     Admits the picture in Paragraph 19 depicts a GhostBed mattress and that GhostBed offered a 100-night free trial period but denies the remaining allegations in Paragraph 19.

20.     GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20.  Therefore, denied.

21.     Denied.

22.     Admits GhostBed used the slogan "From the Friendly Mattress People" but denies the remaining allegations in Paragraph 21.

23.     Admits Nature's Sleep and GhostBed stated in Paragraph 38 of their Amended Complaint "because of the famous CASPER THE FRIENDLY GHOST, consumers did not

properly remember the mattress name they were looking for" but denies the remaining allegations in Paragraph 23.

24. Denied.

### b. Ghostbed's Infringing use of the CASPER mark

25. Admits GhostBed has used its @theghostbed Twitter account to tweet the #Casper hashtag directly next to the #Ghostbed hashtag but denies the remaining allegations in Paragraph 25.

26. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26. Therefore, denied.

### c. Harassing Casper Customer and Prospective Customers

27. Admits GhostBed has used its social media to make online comments which include #Casper hashtag or @Casper username but denies the remaining allegations in Paragraph 27.

### d. False Claims about Product Quality

28. Admits GhostBed and Nature's Sleep has used the word "SUPERNATURAL" on their websites but denies the remaining allegations in Paragraph 28.

### [b.] False "Pick Your Ghost Carefully" Advertisement and False Mattress Review Ratings

29. Ghostbed admits that it ran a Google Adwords campaign where consumers using certain keyword search terms would see a sponsored Google Ad that said "Pick Your Ghost Carefully" but denies the remaining allegations in Paragraph 29.

30. Denied.

31. GhostBed admits that the ghostbed.com website contained a comparison page between Casper and GhostBed which included information from two third-party mattress

reviewers but denies the remaining allegations in Paragraph 31.

32. GhostBed admits that the ghostbed.com website contained a comparison page between Casper and GhostBed which included information from two third-party mattress reviewers but denies the remaining allegations in Paragraph 32.

33. GhostBed admits that the ghostbed.com website contained a comparison page between Casper and GhostBed which included information from two third-party mattress reviewers but denies the remaining allegations in Paragraph 33.

34. GhostBed admits that the ghostbed.com website contained a comparison page between Casper and GhostBed which included information from two third-party mattress reviewers but denies the remaining allegations in Paragraph 34.

35. GhostBed admits that the ghostbed.com website contained a comparison page between Casper and GhostBed which included information from two third-party mattress reviewers but denies the remaining allegations in Paragraph 35.

36. Denied.

### [c.] The False Advertisement About Casper's Mattress Foundation

37. GhostBed and Nature's Sleep admits that the ghostbed.com website contained a comparison page between Casper and GhostBed and contained the statement "GhostBed also offers a matching foundation to purchase, which Casper does not," but denies the remaining allegations in Paragraph 37.

### [b.] The False Facebook Ad

38. GhostBed admits that it published a Google rating of the GhostBed mattress in an ad appearing on Facebook but denies the remaining allegations in Paragraph 38.

39. GhostBed admits that it published a Google rating of the GhostBed mattress in an

ad appearing on Facebook but denies the remaining allegations in Paragraph 39.

40. GhostBed admits that it published a Google rating of the GhostBed mattress in an ad appearing on Facebook but denies the remaining allegations in Paragraph 40.

41. Denied.

### [e.]    The False Celebrity Endorsement Ad

42. GhostBed admits that it published a Facebook post stating "GhostBed is a favorite amongst celebrities" but denies the remaining allegations in Paragraph 42.

43. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43. Therefore, denied.

44. GhostBed admits that the Facebook post included a link to ghostbed.com where consumers could purchase GhostBed products but denies the remaining allegations in Paragraph 44.

45. Denied.

### [f.]    The Flase 15 Years in Business Claim

46. Denied.

47. Denied.

48. GhostBed admits that it responded to Facebook posts by consumers and stated that GhostBed had been in business for 15 years but denies the remaining allegations in Paragraph 48.

49. Denied.

50. GhostBed admits that when it responded to Facebook posts by some consumers it included a link to the ghostbed.com website where consumers could purchase GhostBed products but denies the remaining allegations in Paragraph 50.

113178349.1

51. Denied.

### [g.] The False "Verified Purchaser" Reviewer

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

### [g.] GhostBed's Misleading and Deceptive Relationship with Ryan Monahan

56. GhostBed and Nature's Sleep engaged Achieve to do marketing, which in turn engaged Monahan to do marketing, and there were payments bade, but denies the remaining allegaints in Paragraph 56.

57. GhostBed and Nature's Sleep admit that Monahan did marketing work for GhostBed, published content on the internet and, without permission from GhostBed and Nature's Sleep, identified himself as GhostBed's Chief Brand Officer until GhostBed and Nature's Sleep noticed and asked him to stop. GhostBed and Nature's Sleep also admit that Monahan was given an @ghostbed.com email address for a specific purpose, but denies the remaining allegations in Paragraph 57.

58. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58. .

59. Denied.

60. Denied.

61. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62. Denied.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED MARK
## THROUGH THE ADOPTION AND USE OF GHOSTBED
## (15 U.S.C. § 1114)

63. GhostBed and Nature's Sleep repeats its responses to Paragraphs 1–62.

64. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64. Therefore, denied.

65. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65. Therefore, denied.

66. Denied.

67. Admits Nature's Sleep and GhostBed use the GHOSTBED mark but denies the remaining allegations in Paragraph 67.

68. Denied.

69. Denied.

## COUNT II
## INFRINGEMENT OF FEDERALLY REGISTERED MARK
## THROUGH THE UNAUTHORIZED USE OF CASPER
## (15 U.S.C. § 1114)

70. GhostBed and Nature's Sleep repeats its responses to Paragraphs 1–62.

71. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71. Therefore, denied.

72. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72. Therefore, denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT III
## FEDERAL FALSE ASSOCIATION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a)(1)(A))

77. GhostBed and Nature's Sleep repeats its responses to Paragraphs 1–62.

78. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78. Therefore, denied.

79. GhostBed and Nature's Sleep lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79. Therefore, denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT IV
## FEDERAL FALSE ADVERTISING
## (15 U.S.C. § 1125(a)(1)(B))

84. GhostBed and Nature's Sleep repeats its responses to Paragraphs 1–62.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

9

93. Denied.

94. Denied.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

95. GhostBed and Nature's Sleep repeats its responses to Paragraphs 1–62.

96. Admits GhostBed and Nature's Sleep sell mattress and bedding products and that in some cases they compete with Casper but denies the remaining allegations in Paragraph 96.

97. Denied.

98. Denied.

## COUNT VI
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## (Florida Statute §§ 501.201 – 501.213)

99. GhostBed and Nature's Sleep repeats its responses to Paragraphs 1–62.

100. Denied.

101. Denied.

102. Denied.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103. Defendant and Counterclaim-Plaintiff's claims fail to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104. Defendant and Counterclaim-Plaintiff's claims are barred by unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105. GhostBed and Nature's Sleep reserve the right to assert any further defense that may become apparent during the course of discovery or otherwise.

Dated: November 10, 2017	Respectfully submitted,

/s/_Angela T. Puentes-Leon__
Alan M. Grunspan (FBN 451150)
agrunspan@carltonfields.com
Angela T. Puentes-Leon (FBN 0521624)
apuentes-leon@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower – 100 SE Second St.
Suite 4200
Miami, Florida  33131
Tel:	305.530.0050
Fax:	305.530.0055

Ethan Horwitz (admitted *pro hac vice*)
ehorwitz@carltonfields.com
nvalenzafrost@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
405 Lexington Avenue, 36th Floor
New York, NY 10174-0002
Tel:	212.380.9617
Fax:	212.785.5203

*Counsel for Plaintiffs*

113178349.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or as state below:

**VIA CM/ECF Notices**

**Steven Ira Peretz**
**Michael B. Chesal**
Peretz Chesal & Herrmann PL
2 South Biscayne Blvd.
Suite 3700
Miami, FL 33131
305-341-3000
Email: speretz@pch-iplaw.com
mchesal@pch-iplaw.com

*Counsel for Defendants Casper Sleep, Inc. and Philip Krim*

**Andrew Kemp-Gerstel**
**Jana M. Montiel**
**Peter James Maskow**
Liebler Gonzalez & Portuondo PA
44 W. Flagler Street
25th Floor
Miami, FL 33130
305-379-0400
Email: akg@lgplaw.com
jmm@lgplaw.com
pjm@lgplaw.com

*Counsel for Red Antler, LLC*

/s/ Angela T. Puentes-Leon