IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15-cv-62571-WPD

GHOSTBED, INC.; and WERNER MEDIA
PARTNERS, LLC d/b/a NATURE'S SLEEP,
LLC,

      Plaintiffs,

v.

CASPER SLEEP, INC.; PHILIP KRIM; RED
ANTLER, LLC; and ICS INC.,

      Defendants.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RED ANTLER, LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs, Ghostbed, Inc. and Werner Media Partners, LLC d/b/a Nature's Sleep, LLC ("Plaintiffs"), file this response and memorandum of law in opposition to Defendant Red Antler, LLC's motion to dismiss Plaintiffs' Second Amended Complaint. (D.E. 157; D.E. 168).

As a preliminary matter, Plaintiffs apologize for not consulting with Red Antler before filing the amendment.  Plaintiffs were under the impression that Casper's consent to the amendment was all that was needed because the additional allegations in the Second Amended Complaint are directed towards Plaintiffs' claims against Casper and not the infringement claims against Red Antler.

On the merits, Red Antler's motion to dismiss is nothing more than disingenuous gamesmanship in its continuing attempts to avoid responsibility for its infringement of Nature Sleep's BETTER SLEEP FOR BRIGHTER DAYS trademark and contributing to Defendant Casper Sleep, Inc.'s infringement of that mark. The claims alleged in the Second Amended

Complaint are the same claims against Red Antler alleged in Plaintiffs' Amended Complaint which Red Antler previously moved to dismiss and which this Court denied. (D.E. 47; D.E. 70). In fact, this Court has already rejected Red Antler's assertion that Plaintiffs failed to sufficiently allege the use of the mark or that Plaintiffs are direct users of the mark. (D.E. 70) ("Taking the allegations in the A[mended] C[omplaint] in the light most favorable to Plaintiffs, as the Court must do on a motion to dismiss, the Court finds Plaintiffs have adequately alleged their ownership and use of the BETTER SLEEP FOR BRIGHTER DAYS mark.").   Nothing has changed in this regard; the same conclusion is called for now.

Similarly, Red Antler's assertion that dismissal of the Second Amended Complaint is required because the allegations are legally insufficient to allege that there was a likelihood of confusion between Plaintiffs' products and Casper's products is nonsense. The Second Amended Complaint properly pleads a claim for relief pursuant to Rule 8(a) and the allegations therein allege a viable causes of action for violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as the state law claims asserted that are based thereon. Indeed, this Court so held in rejecting Red Antler's contention as to the legal insufficiency of the Amended Complaint, stating: "[O]verall the Court finds that the AC is sufficiently clear to comply with Rule 8 and to put Red Antler on sufficient notice of the claims asserted against it."  (D.E. 70). Plaintiffs' claims against Red Antler remain the same; Red Antler is and always has been on notice of the claims asserted against it.

Red Antler also contends that in the Second Amended Complaint Plaintiffs "specifically allege that there was no confusion among consumers" and that the additional allegations in the Second Amended Complaint demonstrate that there was no confusion caused by Red Antler and Casper's infringement because of consumers' use of and reliance on reviewers. (D.E. 168).

These contentions are also baseless. As Red Antler is well aware, the additional factual allegations expand upon and clarify Plaintiffs' allegations contained in the Amended Complaint, directed towards Casper's coercion and strong-arming of online mattress reviewers and its manipulation of the reviewers. Otherwise, the claims have remained substantially the same and, as it concerns the infringement claims against Red Antler, remain identical. *See* Exhibit 1 (Synopsis of Additional Allegations). The additional allegations are not directed towards and have no bearing on Plaintiffs' claims against Red Antler, which arise out solely out of Red Antler infringement of Plaintiffs' BETTER SLEEP FOR BRIGHTER DAYS mark and contributing to Casper's infringement of that mark which, as expressly alleged, resulted in a likelihood of consumer confusion in violation of the Lanham Act. (D.E. 157 ¶¶ 42, 73, 114).

Further, the additional allegations do not support the conclusion that consumers are not confused between Plaintiffs' products and Casper's products. Viewing the additional allegations in the light most favorable to Plaintiffs, as this Court must do on a motion to dismiss, *see* (D.E. 70), Plaintiffs have alleged consumer confusion and none of the new allegations suggest otherwise. Indeed, to accept Red Antler's contention, this Court would have to make assumptions based upon non-existent allegations. Therefore, Red Antler's motion to dismiss Plaintiffs' Second Amended Complaint should be denied. Plaintiffs have asserted valid causes of action which are well grounded in fact and law.

## **BACKGROUND**

This case involves claims and counterclaims by two mattress-in-a-box manufacturers/competitors alleging, *inter alia*, unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125, for trademark infringement and false advertising. As alleged in the Amended Complaint, Nature's Sleep, one of the first companies to sell bed-in-a-box

mattresses, was founded in 2001 and Ghostbed was founded in 2015; both are owned and operated by the same family. (D.E. 26 ¶¶ 20, 21).

Nature's Sleep, is the owner of several trademarks, including trademark applications for the BETTER SLEEP FOR BRIGHTER DAYS mark.  (D.E. 26 ¶ 28).  As the evidence of record demonstrates and Red Antler is well-aware, CoutureSleep, LLC is a wholly owned subsidiary of Nature's Sleep and is a licensee of the BETTER SLEEP FOR BRIGHTER DAYS mark. (D.E. 54-1 ¶¶ 3, 5).  Nature's Sleep controls the quality of CoutureSleep's use of the BETTER SLEEP FOR BRIGHTER DAYS mark and ensures that CoutureSleep's use of the mark is appropriate.  (D.E. 54-1 ¶ 6).

In the Amended Complaint, Plaintiffs alleged that Red Antler provides marketing services to startup companies such as Casper, a competitor of Plaintiffs.  (D.E. 26 ¶¶ 7, 15). Red Antler was aware the BETTER SLEEP FOR BRIGHTER DAYS mark was in use and was protected under common law but developed the mark for Casper and posted advertisements for Casper using the mark on Red Antler's website.  (D.E. 26 ¶¶ 15, 39).  Red Antler also induced Casper to infringe and assisted Casper in the infringement through the use of the mark on Casper's website and on point-of-sale materials.  (D.E. 26 ¶¶ 38-39).

Plaintiffs alleged that this conduct and use of the BETTER SLEEP FOR BRIGHTER DAYS mark creates a likelihood of confusion for customer as to an affiliation between Casper and Plaintiffs and as to the source of Casper's products. (D.E. 26 ¶ 41).  Plaintiffs asserted claims against Red Antler for Federal Unfair Competition (Count III), Contributory Federal Unfair Competition (Count IV), Florida Common Law Trademark Infringement (Count VI), Florida Common Law Contributory Trademark Infringement (Count VII), Florida Common Law Unfair

4

Competition (Count VIII), and for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

Red Antler tried to dismiss the complaint once before.  In June, 2016, Red Antler filed a motion to dismiss the Amended Complaint (D.E. 47), asserting that Plaintiffs' claim for federal unfair competition under 15 U.S.C. § 1125(a) was legally insufficient because Plaintiffs failed to properly allege their prior use and ownership rights to the BETTER SLEEP FOR BRIGHTER DAYS mark.  Red Antler also asserted that the federal contributory unfair competition asserting Plaintiffs allegations lacked specificity and, thus, were legally insufficient to demonstrate inducement.  In addition, Red Antler claimed that because Plaintiffs' Lanham Act claims failed to state a cause of action, Plaintiffs' related state law claims should also be dismissed. This Court rejected each of Red Antler's contentions and denied the motion to dismiss, expressly finding "that the Amended Complaint  is sufficiently clear to comply with Rule 8 and to put Red Antler on sufficient notice of the claims asserted against it". (D.E. 70).

Plaintiffs recently filed a Second Amended Complaint.  (D.E. 157).  With the exception of certain additional factual allegations expanding upon and clarifying Plaintiffs' allegations contained in the Amended Complaint, primarily directed towards Casper's coercion and strong-arming of online mattress reviewers and its manipulation of the reviewers, the claims have remained substantially the same and, as it concerns the infringement claims against Red Antler, remain virtually identical.  *See* Exhibit 1 (Synopsis of Additional Allegations).

Nevertheless, Red Antler asserts that dismissal of the Second Amended Complaint is required because: (1) Plaintiffs failed to comply with the pleading requirements of Rule 8; (2) Plaintiffs have failed to allege prior use of the mark; and (3) Plaintiffs failed to properly allege consumer confusion and also that the additional allegations in the Second Amended

Complaint demonstrate that there was no consumer confusion. (D.E. 168). These contentions are groundless.

This Court has already held that the Amended Complaint was sufficiently clear to comply with Rule 8 and to put Red Antler on sufficient notice of the claims asserted against it (D.E. 70). The only change in the Second Amended Complaint as it concerns Red Antler was the elimination of prior allegations into each count, which Red Antler complained about and this Court disapproved. (D.E. 70). Thus, the Second Amended Complaint also complies with Rule 8 and puts Red Antler on sufficient notice of the claims Plaintiffs assert against it.

Further, the additional allegations in the Second Amended Complaint are not directed towards and are unrelated to Plaintiffs' claims against Red Antler, which arise out of Red Antler infringement of Plaintiffs' BETTER SLEEP FOR BRIGHTER DAYS mark and contributing to Casper's infringement of that mark. Those new allegations do not impact, much less negate, Plaintiffs' allegations of consumer confusion caused by Red Antler's conduct.

## **MEMORANDUM OF LAW**

### I.    **RED ANTLER'S MOTION SHOULD BE DENIED BECAUSE THE SECOND AMENDED COMPLAINT SATISFIES RULE 8 AND STATES VALID CLAIMS.**

Red Antler contends that Count III, Plaintiffs' claim for Federal Unfair Competition and Count IV, Plaintiffs' claim for Contributory Federal Unfair Competition, fail to state a cause of action and should be dismissed. Plaintiffs also contend that because Count III and Count IV fail, that Plaintiffs' claims for Florida Common Law Trademark Infringement (Count VI), Florida Common Law Contributory Trademark Infringement (Count VII), Florida Common Law Unfair Competition (Count VIII), and for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), which are based on Counts III and IV, also fail and should be dismissed.

A.      **The Second Amended Complaint Satisfies The Pleading Requirements Of Rule 8.**

The Second Amended Complaint properly pleads a claim for relief pursuant to Rule 8(a) and the allegations therein allege a viable cause of action for violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and, thus, also properly allege the state and common law claims based thereon.  Indeed, this Court so held when denying Red Antler's motion to dismiss the Amended Complaint (D.E. 70). The allegations and claims in the Second Amended Complaint are virtually identical, and require the same conclusion.

Further, "under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate 'enough facts to state a claim for relief that is plausible on its face.' 'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'  The allegations must be taken as true and must be read to include any theory on which the plaintiff may recover.'"  *Georgetown Trading Co., LLC v. Venturi Spirits, LLC*, 2015 WL 11197790, *1 (S.D. Fla. Mar. 16, 2015) (Dimitrouleas, J.)  (citations omitted).  And, on a motion to dismiss, the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Antoine v. Carrington Mortgage Servs., LLC*, 2017 WL 3404389, *1 (S.D. Fla. Aug. 8, 2017) (Dimitrouleas, J.) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Here, Plaintiffs have sufficiently alleged the time period involved, the products and parties involved, the entities or agents that committed the conduct alleged and by what means. Thus, as this Court previously held, Plaintiffs have satisfied the notice requirements of Rule 8(a); Red Antler is and always has been on notice of the claims against it. (D.E. 70).  Nothing more is required.

**B.    Count III States A Viable Cause Of Action For Unfair Competition Under 43(a) Of The Lanham Act, 15 USC § 1125(a).**

Red Antler contends that dismissal is required because Plaintiffs fail to allege use of the BETTER SLEEP FOR BRIGHTER DAYS mark or that Plaintiffs are direct users of the mark. (D.E. 168) Yet this Court has previously rejected that same contention, finding that "Plaintiffs have adequately alleged their ownership and use of the BETTER SLEEP FOR BRIGHTER DAYS mark. (D.E. 70).

Further, Red Antler's reiteration of this argument is wholly disingenuous.  It is well settled that under common law, and codified by the Lanham Act § 5, 15 USC § 1055, "where a registered mark or a mark sought to be registered is or may be used legitimately by related companies, such use shall inure to the benefits of the registrant or applicant for registration provided such mark is not used in a manner as to deceive the public."  The term "related company" is defined by the Act to mean "any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the goods or services on or in connection with which the mark is used."  15 U.S.C. § 1227. A "related company" includes licensees, as long as the owner of the mark controls the use of the mark by the licensee." 3 McCarthy on Trademarks and Unfair Competition § 18:51 (5th ed.); *see also Turner v. HMH Pub. Co.*, 380 F.2d 224, 228 (5th Cir. 1967) ("a mark may be acquired through it use by controlled licensees, even though the registrant itself may not have used the mark."). This means that rights to a mark can be acquired and maintained through the use of a mark by a controlled licensee even when the only use of the mark has been made by the licensee. 3 McCarthy at § 18:51.  Further, as it concerns parent corporations and subsidiaries, in the vast majority of cases, the inherent nature of the parent's overall control over the affairs of a subsidiary are sufficient to presume that the parent is adequately exercising control over the nature and quality

of goods and services sold by the subsidiary under the mark. *Id.*; *see also Rockland Exposition, Inc. v. Alliance of Automotive Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 309-10 (S.D. N.Y. 2012) (discussing the "related companies" doctrine and first use and ownership).

Here, the undisputed evidence of record shows and, thus, Red Antler knows that: CoutureSleep is a related company – it is a subsidiary of Nature's Sleep – and the controlled licensee of the BETTER SLEEP FOR BRIGHTER DAYS mark. (D.E. 54-1).   Thus, Red Antler's continuing attempts to seek dismissal on the basis of that Plaintiffs fail to allege prior use and ownership of the mark are baseless and should be summarily rejected.

> **C.     The Second Amended Complaint Alleges Consumer Confusion And The Additional Allegations Are Unrelated To And Do Not Negate Those Allegations.**

A review of the Second Amended Complaint demonstrates that there are no additional allegations directed towards or relating to Plaintiffs' infringement claims against Red Antler. *See* (D.E. 157 and Ex. 1). That Plaintiffs and Casper's products are marketed and sold directly to consumers on-line via an e-commerce platform, and Plaintiffs and Casper sell competing products to the same and similar consumers using the same advertising vehicles  and consumers are heavily dependent on on-line mattress reviews and are aware of the major on-line mattress manufacturers and require a review site that reviews all major on-line mattress manufacturers  do not, as Red Antler asserts, "make clear that the relevant consumer base is <u>not</u> confused between its products and Casper's. (D.E. 168).  Indeed, to accept Red Antler's skewed interpretation of these allegations would require this Court to improperly view them in the light most favorable to Red Antler, something which this Court cannot do.  (D.E. 70).

Further, to the extent Plaintiffs' allegations can be interpreted to mean that consumers are aware of Plaintiffs' products and Casper's products, and rely on reviewers when selecting a

mattress does not mean that there is no likelihood of confusion caused by Red Antler and Casper's infringement of the BETTER SLEEP FOR BRIGHT DAYS mark and their use of that mark on Red Antler and Casper's websites.  To accept that contention would require this Court to read into the Second Amended Complaint additional allegations that are simply not there.

For example, Plaintiffs do not allege that every consumer goes to mattress review websites before they visit the manufacturer's website. But to accept Red Antler's theory, all consumers would have to visit the reviewers' website to eliminate the likelihood for confusion. And even assuming all consumers review the reviewers' mattress reviews and comparisons, Plaintiffs do not allege that the reviewers discuss the relationship between the various mattress companies in their reviews.  For example, Plaintiffs do not allege and, in fact, the reviewers do not discuss the nature of the relationship between Nature's Sleep, CoutureSleep and Ghostbed, although the three companies are related and all three companies sell mattresses which may be separately reviewed.  Thus, this Court cannot assume that the reviewers discuss and clarify the relationship between Casper and Plaintiffs or make clear the source of Casper's products.  For the same reasons, this Court cannot assume that the likelihood of confusion for customers as to Casper's affiliation, connection or association with Plaintiffs and/or as to the origin, sponsorship or approval of Casper's goods caused by Red Antler's infringement and its inducement of Casper to infringe and assistance in that infringement – which is alleged in the Second Amended Complaint – was eliminated by the mattress reviewers and consumers' review of their reviews.

In short, the Second Amended Complaint alleges viable causes of action for federal unfair competition under § 43 of the Lanham Act.  *See* 15 USC § 1125(a); *Custom Mfg and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 648-49 (11th Cir. 2007) (To prevail, the plaintiff must establish that: (1) they had prior rights to the mark; (2) defendants adopted a mark

or name that was the same or confusingly similar to plaintiff's mark, such that consumers were likely to confuse the two.); *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997).   Therefore, Plaintiffs' motion to dismiss should be denied.

     **D.**     **Plaintiffs' Have Stated Viable State Law Causes of Action Because The Analysis of Plaintiffs' State Law Claims are the Same as The Lanham Act.**

Plaintiffs agree that their claims for Florida Common Law Trademark Infringement (Count VI), Florida Common Law Contributory Trademark Infringement (Count VII), Florida Common Law Unfair Competition (Count VIII), and for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IX), are based on the same allegations contained in Count III, federal unfair competition, and Count IV, federal contributory unfair competition in violation of section 43 of the Lanham Act, 15 U.S.C. § 1125(a), of their Second Amended Complaint.  Plaintiffs also agree that a defendant's liability for these state law claims is the same as under the Lanham Act.  Therefore, for the same reasons Red Antler's motion to dismiss Plaintiffs' federal unfair competition and contributory unfair competition claims asserted in Counts III and IV of Plaintiffs' Second Amended Complaint should be denied, so too, should Casper's motion to dismiss Plaintiffs' state law claims.

<u>**CONCLUSION**</u>

Whether or not Plaintiffs can ultimately prove the claims asserted and the facts alleged Second Amended Complaint at trial is not the issue here. Red Antler's the motion to dismiss should be denied because Plaintiffs provided Red Antler with a short plain statement of Red Antler's improper and harmful conduct entitling Plaintiffs to relief under the claims alleged. Nothing more is required.

Dated: November 17, 2017.

Respectfully submitted,

/s/ *Angela T. Puentes-Leon*
Angela T. Puentes-Leon (FBN 0524621)
Apuentes-leon@carltonfields.com
Eric D. Coleman (FBN 124963)
ecoleman@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower – 100 SE Second St.
Suite 4200
Miami, Florida  33131
Tel:     305.530.0050
Fax:     305.530.0055

Ethan Horwitz (admitted *pro hac vice*)
ehorwitz@carltonfields.com
nvalenza-frost@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
405 Lexington Avenue, 36th Floor
New York, NY 10174-0002
Tel:     212.380.9617
Fax:     212.785.5203

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

**Steven Ira Peretz**
**Michael B. Chesal**
**Alberto Alvarez**
Peretz Chesal & Herrmann PL
2 South Biscayne Blvd.
Suite 3700
Miami, FL 33131
305-341-3000
Email: speretz@pch-iplaw.com
        mchesal@pch-iplaw.com
        aalvarez@pch-iplaw.com

*Counsel for Defendant Casper Sleep, Inc.*

**Andrew Kemp-Gerstel**
**Jana M. Montiel**
**Peter James Maskow**
Liebler Gonzalez & Portuondo PA
44 W. Flagler Street
25th Floor
Miami, FL 33130
305-379-0400
Email: akg@lgplaw.com
        jmm@lgplaw.com
        pjm@lgplaw.com

*Counsel for Defendant Red Antler, LLC*

*/s/ Angela T. Puentes-Leon*