UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62571-CIV-DIMITROULEAS/Snow

GHOSTBED, INC. and WERNER MEDIA
PARTNERS, LLC d/b/a Nature's Sleep, LLC,

      Plaintiffs,

v.

PHILIP A. KRIM, CASPER SLEEP, INC., ICS, INC.
and RED ANTLER, INC.,

      Defendants.
_____/

## ORDER

      THIS CAUSE is before the Court on Plaintiffs' Motion to Compel Casper to Comply with Plaintiffs' Third Request for Production (ECF No. 146)[1] which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration and a hearing was held before the undersigned on November 14, 2017. This Order memorializes the Court's ruling from the bench.

      Plaintiffs and Casper sell foam core mattresses online. This case involves their competing trademark infringement claims, as well as, Plaintiffs' claim that Casper engaged in false advertising by coercing mattress reviewers either to review Casper's mattresses more favorably than Plaintiffs or through litigation prevent them from reviewing Casper's mattresses at all, and by utilizing Search Engine Optimization ("SEO") to eliminate or hide reviews that are unfavorable to Casper. The parties disagree as to whether the SEO allegations are encompassed by Plaintiffs' First Amended Complaint, but agree that they are encompassed in Plaintiffs' Second Amended Complaint, which was filed after Plaintiff served its Third Request for Production.

---

[1] Plaintiffs filed the motion under seal because it refers to documents and information designated by Defendants as confidential or attorneys' eyes only. The redacted version can be found at ECF No. 151.

The instant motion concerns Plaintiffs' assertion that Casper improperly limited its records custodians and that the search terms it used for electronically stored information (ESI) were structured in a way to eliminate documents relevant to Plaintiffs SEO related claims. Plaintiffs' could point to only one of 83 requests within their Third Request for Production which they assert requests the documents at issue. Request 32 asked Casper to produce "[d]ocuments relating to Casper's or Red Antler's use of social media including documents that show whether Casper or Red Antler pays third parties for social media content." Because the undersigned agrees with Casper that Request 32 cannot be fairly read to seek all SEO related documents, the Plaintiffs' motion is denied. Being fully advised, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Compel Casper to Comply with Plaintiffs' Third Request for Production (ECF No. 146) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 16th day of November, 2017.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties