UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62571-CIV-DIMITROULEAS/Snow

GHOSTBED, INC. and WERNER MEDIA PARTNERS,
LLC, d/b/a Nature's Sleep, LLC,

      Plaintiffs,

v.

CASPER SLEEP, INC., PHILIP KRIM, RED ANTLER,
LLC and ICS, INC.,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Casper's Motion to Temporarily Abate Discovery on Plaintiff's Newly-Asserted False Advertising Claims (ECF No. 171) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is fully briefed and is ripe for consideration.

Plaintiffs and Casper sell foam core mattresses online. This case involves their competing trademark infringement claims, as well as Plaintiffs' claim that Casper engaged in false advertising by coercing mattress reviewers either to review Casper's mattresses more favorably than Plaintiffs' or, through litigation, to prevent them from reviewing Casper's mattresses at all, and by utilizing Search Engine Optimization ("SEO") to eliminate or hide reviews that are unfavorable to Casper.

On September 27, 2017, Plaintiffs filed their Second Amended Complaint (SAC). (ECF No. 157) According to Casper, the SAC contains two new false advertising claims, which it asserts are so devoid of merit as to warrant a stay of what it characterizes as voluminous discovery related to them until after the Court has ruled on Casper's pending motion to dismiss. The claims at issue are: 1) that Casper settled lawsuits with mattress reviewers "in a way which effectively

eliminated negative reviews and silenced its critics;" and 2) that Casper utilized SEO techniques to reduce or eliminate the "visibility of negative reviews of Casper mattresses and the reviewers' more favorable reviews and comparisons of Casper's competitors' mattresses." (SAC ¶¶ 44, 45)  The discovery requests cited by Casper include a Fourth Request for Production of Documents, including 7 requests based upon the new claims; a Third Set of Interrogatories, including 3 interrogatories based upon the new claims; and twelve Rule 45 subpoenas to non-parties, two of which are represented by Casper's counsel.

Plaintiffs' contend that their false advertising claims are neither new nor devoid of merit.  Further, Plaintiffs argue that Casper waived its right to seek dismissal of the SAC because it failed to move to dismiss the First Amended Complaint which contained the same false advertising claims, which Plaintiffs merely expanded upon and clarified in the SAC.  Finally, the imminent January 17, 2017 deadline for the completion of discovery in this case must be considered.  An abatement of discovery at this stage will disrupt the current trial schedule and/or severely prejudice Plaintiffs.

A stay of discovery pending resolution of a motion to dismiss is the exception rather than the rule.  Ray v. Spirit Airlines, Inc., 2012 WL 5471793 at *1 (S.D. Fla., Nov. 9, 2012).  An abatement may be appropriate however, when the complaint presents "especially dubious claims that would unduly expand the scope of discovery. . . ." Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc., 2008 WL 11333314, at *3 (S.D. Fla., Feb. 26, 2018).  The Court must also weigh the harm caused by a delay in the discovery against the likely costs and burdens associated with proceeding.  Felman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla., 1997).  If the Plaintiffs' claims clearly lack merit, the Defendant should not be forced to expend substantial resources answering discovery.  However, the Court also must consider the prejudice caused to the Plaintiffs by the delay in prosecution of their case.  Id. at 652-53.  The moving party bears the burden of showing good cause to stay discovery. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

As one court aptly put it, "there is no part of the law which is more plastic than unfair competition, and what was not reckoned an actionable wrong 25 years ago may have become such today." Ely-Norris Safe Co. v. Mosler Safe Co., 7 F.2d 603, 604 (2d Cir. 1925), *rev. on other grounds*, 273 U.S. 132 (1927). Thus, while a Plaintiffs' claim may be novel, if it arguably builds upon existing law and, particularly when the application of evolving technology is concerned, it cannot be characterized as frivolous. Under such circumstances, the party asserting such a claim should not be precluded from obtaining relevant discovery merely because a motion to dismiss is pending. This is particularly the case where, as here, the bulk of the discovery on the purported newly asserted claims is directed to non-parties who have not thus far sought protection, and the January 17, 2017 cut-off for the completion of discovery is looming. *See* ECF No. 89

Being fully advised, it is hereby

ORDERED AND ADJUDGED that Casper's Motion to Temporarily Abate Discovery on Plaintiff's Newly-Asserted False Advertising Claims (ECF No. 171) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 27th day of November, 2017.

                                                                          LURANA S. SNOW
                                                                          UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties